UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARDS M. BOYCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:06CV00044 ERW |
| | ) | |
| MOBERLY PUBLIC SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court upon Defendants' Motion for a Mental and Physical Examination for Plaintiff [doc. #17][1] and Defendants' Motion for Leave to File Record on Review Under Seal [doc. #19]. A hearing was held on April 27, 2007, and the Court heard arguments from the parties on the Motions.

On April 18, 2006, Plaintiff, a former Moberly Public School District administrator, filed the present action against the Moberly Public School District ("the District"), the District's Superintendent of Schools and members of the District's Board of Education (collectively, "Defendants") in the Circuit Court of the County of Cole, Missouri. Plaintiff seeks judicial review of and damages for the Board of Education's decision to suspend Plaintiff without pay, to terminate his employment as a Gratz Brown Elementary School Principal and not to review his principal contract for the 2006-2007 school year.

---

[1] In the hearing on this matter, the parties informed the Court that Plaintiff has agreed to undergo one mental examination by a mental health care provider. The parties will confer and decide the date, time and location of the mental examination. Defendant also informed the Court that it will no longer request that Plaintiff undergo a physical examination.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In its Motion for Leave to File Record on Review Under Seal, Defendants state that in order for the Court to make a determination on Plaintiff's Petition for judicial review of the Board of Education's decisions regarding Plaintiff's employment, the parties must file a Record of Review with the Court, consisting of the transcript of the administrative hearing held before the Board of Education, exhibits and supporting documents. Defendants seek to file the Record on Review under seal because it contains names and testimony of minor students who are not parties to this lawsuit and who have either made allegations of inappropriate touching against Plaintiff or who were witnesses to incidents relating to the administrative hearing. Defendants claim that the transcript also contains testimony of at least two students' discussions of a family history of abuse by a third party. Defendants further state that the Board of Education exercised its right, pursuant to § 610.021 R.S. Mo. ("Missouri Sunshine Law"),[2] to close the administrative hearing at issue in this case.

In the hearing on this matter, counsel explained that the transcript and exhibits exceed 1600 pages and that it would be overly burdensome for Defendants to redact and substitute the names of the minor children with initials. Moreover, counsel claims that even if the childrens' names are substituted with initials, the names would still remain easily identifiable, as the circumstances giving rise to this lawsuit took place in a small town. In opposing the Motion, Plaintiff states that Defendants have failed to show that its interest in secrecy outweighs the public's First Amendment right of access to public records and documents.

---

[2] Section 610.021, R.S. Mo. (1986), authorizes a public governmental body to close records to the extent they relate to "hiring, firing, disciplining, or promoting an employee of a public governmental body," or to "individually identifiable personnel records."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Federal Rule of Civil Procedure 26(c)[3] authorizes federal district courts to seal or otherwise deny public access to documents or proceedings. *See Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (noting that, under § 26(c), the district court "may in appropriate cases seal documents or deposition testimony to ensure that they will be used only for judicial purposes and will not be disseminated"). Because the operations of the courts and the judicial conduct of judges are matters of utmost public concern, courts have long recognized the public's right to inspect and copy judicial records. *See Webster Groves School Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978). That right, however, is not absolute. *Id*. Rather, the decision of whether court records should be sealed is one committed to the sound discretion of the trial court. *Id*. The trial court is to balance the public's interest in access against the interest in protecting minors from the public dissemination of hurtful information. *Id*. at 1377.

Guided by these considerations, the Court concludes that Defendants have demonstrated good cause for sealing the Record on Review. The interest in protecting the identity of the minor children in this case, without a showing of the benefit of disclosure, outweighs the public's right of access to the documents at issue. The Court will thus grant Defendants' motion and the Record on Review shall be filed under seal.

---

[3] Fed. R. Civ. Pro. 26(c), in pertinent part, provides: "Upon motion by a party... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Request for a mental and physical examination [doc. #17] is **GRANTED**, **in part** and **DENIED**, **in part**, as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Record on Review Under Seal [doc. #19] is **GRANTED**.

Dated this 7th day of May, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com