UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RICHARDS M. BOYCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:06CV00044 ERW |
| ) | |
| MOBERLY PUBLIC SCHOOL DISTRICT, ) | |
| ROBERT A. BACH, LISA VANDERBURG, ) | |
| KEN ASBURY, LES KELEHER, ) | |
| JEFF LASHLEY, GREG McCLUSKEY, ) | |
| DAN WILCOX and MARY LOU KIMMONS, ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents [doc. #58].

### **I. BACKGROUND**

On April 18, 2006, Plaintiff, a former Moberly Public School District administrator, filed the present action against the Moberly Public School District, the District's Superintendent of Schools and members of the District's Board of Education in the Circuit Court of the County of Cole, Missouri. Plaintiff seeks judicial review of and damages for the Board of Education's decision to suspend Plaintiff without pay, to terminate his employment as a Gratz Brown Elementary School Principal and not to renew his principal contract for the 2006-2007 school year.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In the Motion, Plaintiff requests that the Court overrule Defendant Moberly Public School District's objections to Plaintiff's Second Request for Production of Documents No. 10. Specifically, Plaintiffs seeks

> a photocopy of all documents, correspondence, memorandums, interview or investigative notes or other writings, emails or other written documentation involving any attorney for the District, whether in conjunction with the investigation or interviewing by or with Superintendent Bach or individually performed by such attorney as part of the District investigation and/or interviews of students during the District's review, whether or not such information was available and/or provided to the Superintendent and/or Board of Education Members.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . ." Fed. R. Civ. P. 26(1). The Federal Rules further provide for the protection of trial preparation materials;

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . *only* upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Fed. R. Civ. P. 26(b)(3). These rules allow for the protection of materials under two distinct sets of rules, the first protects communications between an attorney and his client, the second protects work product, encompassing information or material assembled in anticipation of litigation. *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977). The Eighth Circuit provides a concise definition of the work product doctrine, as protecting those materials "obtained in anticipation of litigation or for trial." *Id.* at 603.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## III. DISCUSSION

The work product doctrine is "designed to promote the operation of the adversary system by ensuring that a party cannot obtain materials that his opponent has prepared in anticipation of litigation." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997). The doctrine prevents one attorney from benefitting from the work of another because "discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (Jackson, J., concurring). The doctrine has two distinct sub-categories: ordinary work product and opinion work product. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).

The materials Plaintiff is seeking fall into the category of opinion work product. Plaintiff is seeking the notes and records complied by Defendants in their witness interviews. "Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product entitled to almost absolute immunity." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (citing *In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir.1973)). A court "shall protect" disclosure of opinion work product. Fed. R. Civ. P. 26(b)(3). Thus, it is subject to "almost absolute immunity." *Baker*, 209 F.3d at 1054.

Opinion work product "can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." *Id.* Plaintiff simply has not demonstrated the extraordinary circumstances necessary for the production of opinion work product. Plaintiff has had numerous opportunities to question students and ask them about these interviews. Plaintiff's counsel claims that students have recanted testimony and that he needs the original statements to adequately depose the witnesses. This explanation is not sufficient to gain access to opinion work product.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents [doc. #58] **is DENIED**.

Dated this 29th Day of August, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com